UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DOUGLAS E. BAUMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-00128-TWP-DML |
| | ) | |
| AUREL BALASHI, | ) | |
| S.A. EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY ON JURISDICTION

On July 6, 2016, the Plaintiff, Douglas E. Baumann, filed a Complaint which failed to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. Specifically, the Complaint alleges that this Court has jurisdiction based upon diversity of citizenship, however, the Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

The Complaint alleges that the Plaintiff is a "resident" of Indiana. ([Filing No. 1 at 1](#).) This allegation of residency is not sufficient to allow the Court to determine whether diversity jurisdiction exists. *See McHanon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("[a]n allegation of residence is inadequate"); *Meyerson*, 299 F.3d at 617 ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). In addition, the Complaint fails to allege the principal place of business of Defendant S.A. Express, Inc.

Further, the Complaint alleges the Defendants' citizenship "upon information and belief." (*Id*.) However, allegations made upon information and belief are not sufficient to allow the Court

1

to determine whether diversity jurisdiction exists. Instead, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

To remedy these deficiencies, the Plaintiff shall file a supplemental jurisdictional statement to sufficiently establish this Court's jurisdiction over this case. The Plaintiff's statement must accurately identify the citizenship of each party and remedy the basis for his jurisdictional allegations. The Plaintiff's supplemental jurisdictional statement is due **fourteen (14) days** after the date of this entry.

**SO ORDERED.**

Date: 7/18/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gregory M. Reger
LORCH NAVILLE WARD LLC
greger@lnwlegal.com

Matthew J. Schad
SCHAD & SCHAD
mschad@schadlaw.com